**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| DAKOTA WHEELER, <br><br> Plaintiff, <br><br> v. <br><br> ICE FIELD OFFICER DIRECTOR; WORDEN OF CASCADE COUNTY DETENTION CENTER, <br><br> Defendants. | **CV-26-264-GF-BMM** <br><br><br> **ORDER ON HABEAS PETITION** |

Petitioner Dakota Wheeler ("Wheeler") has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention at the Cascade County Detention Center pending removal. (Doc. 4.) Wheeler argues his continued detention violates the Constitution or laws of the United States. (*Id*.) The Court ordered the Government to respond to Wheeler's petition. (Doc. 5.) The Government opposes Wheeler's petition. (Doc. 7.)

**BACKGROUND**

Wheeler is a citizen of the United Kingdom. Wheeler traveled to the United States with his mother as a teenager in 2014. (Doc. 7 at 2.) Wheeler entered the

1

United States through the Visa Waiver Program ("VWP") pursuant to 8 U.S.C. § 1187. (*Id*.) The VWP allowed Wheeler admission into the United States for up to 90 days without obtaining a visa. (*Id*.) By entering the United States through the VWP, Wheeler waived any right "to contest, other than on the basis of an application for asylum, any action for removal." 8 U.S.C. § 1187(b)(2).

Wheeler has lived in the United States since his entry in 2014. Wheeler resided in Great Falls with his wife and kids. (Doc. 7 at 4.) The Great Falls Police Department received a call on October 25, 2025, from one of Wheeler's coworkers alleging that Wheeler had threatened to harm the coworker's family if the coworker reported Wheeler to U.S. Immigration and Customs Enforcement ("ICE"). Homeland Security Investigations subsequently apprehended Wheeler on November 13, 2025, as a VWP overstay. ICE issued a Final Administrative Removal Order and Notice of Intent to Issue a Final Administrative Removal Order on November 13, 2025. (Doc. 7 at 3.) The Notice of Intent explained that Wheeler was subject to removal pursuant to 8 U.S.C. § 1227(a)(1)(B), as Wheeler had remained in the United States past the permitted 90 days. (*Id*. at 4.) Wheeler signed the acknowledgement on November 20, 2025, that he had received the Notice of Intent, and stated on the form that he wished to contest removability. (*Id*.)

2

The Court previously transferred Wheeler's petition challenging his removal order to the Ninth Circuit. *Wheeler v. U.S. Immigration and Customs Enforcement*, No. 45-cv-103-BMM, Doc. 13 at 17 (D. Mont. Jan. 9, 2026). The Court transferred jurisdiction of enforcement or modification of Wheeler's removal order to the Ninth Circuit. *Id*. The Ninth Circuit denied Wheeler's request for a stay of removal on May 28, 2026. *Wheeler v. Blanch*, No. 26-190, 2026 U.S. LEXIS 15508, Doc. 21 at 1 (9th Cir. 2026).

## LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

The Attorney General has a 90-day removal period to remove a noncitizen who is subject to a final order of removal. 8 U.S.C. § 1231(a)(1)(A). Section 1231(a)(1)(A) outlines that "the removal period begins on the latest of the following:" (1) the date the order of removal becomes administratively final; (2) the date of the court's final order if the removal order is judicial reviewed and the court orders a stay of the removal; or (3) the date the immigrant is released from detention or confinement if detained or confined. *Id*. § 1231(a)(1)(B). The Ninth

3

Circuit has concluded that when a noncitizen files a petition for review of his removal order and the Ninth Circuit declines to grant a stay of removal, "the removal period commences immediately." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1060 (9th Cir. 2008). During the removal period, "the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A).

### DISCUSSION

Wheeler asserts that his detention in the Cascade County Detention Center proves unlawful and in violation of his rights as he is being detained "without a bond hearing and without a clear timeline for removal." (Doc. 4 at 6.) The Government argues that Wheeler remains subject to a final removal order and the Ninth Circuit denied Wheeler's request to grant a stay of removal. As a result, the Government contends that Wheeler is being lawfully detained pursuant to 8 U.S.C. § 1231. (Doc. 7 at 8-9.) The Court agrees.

Wheeler does not dispute he is subject to a final order of removal. (Doc. 4 at 7.) Wheeler has filed a petition for review of his final order of removal by the Ninth Circuit. The Ninth Circuit declined to grant Wheeler a stay of removal. *Wheeler*, No. 26-190, Doc. 21 at 1. Wheeler's removal period commenced immediately following the Ninth Circuit's denial to stay removal. *Prieto-Romero*, 534 F.3d at 1060. A noncitizen like Wheeler who remains subject to a final order of removal from the United States and within the 90-day removal period must be

detained. 8 U.S.C. § 1231(a)-(b). The Court finds Wheeler's current detention at Cascade County Detention Center lawful as he is being detained within the mandatory 90-day removal period. The Court does not foreclose Wheeler from filing a renewed motion if he is detained following the expiration of the 90-day removal period.

## ORDER

Accordingly, **IT IS ORDERED** that:

1. Wheeler's Petition for Writ of Habeas Corpus (Doc. 4) is **DISMISSED** without prejudice.

2. The Clerk is directed to close this matter.

**DATED** this 17th day of July, 2026.

_____
Brian Morris, Chief District Judge
United States District Court

5